AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C #336
Alameda, CA 94501
Telephone: (510) 832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
JEREMY MILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY MILLER<br><br>    Plaintiff,<br><br>    v.<br><br>SHAH ENTERPRISES, INC. dba DAYS INN & SUITES BY WYNDHAM SUNNYVALE; SUNDOWNER INN LLC<br><br>    Defendants. | CASE NO. 5:26-cv-5998<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JEREMY MILLER complains of Defendants SHAH ENTERPRISES, INC. dba DAYS INN & SUITES BY WYNDHAM SUNNYVALE; SUNDOWNER INN LLC and alleges as follows:

1.    **INTRODUCTION:**  Defendants refused disabled Plaintiff Jeremy Miller lodging because they could not show a "registration card" or some other unidentified "paperwork" for their service dog Lucy in order for them to stay at their hotel. Because Plaintiff did not have the "registration card" or paperwork that Defendants wanted, Defendants would not allow them to stay with their service dog at the Days Inn & Suites by Wyndam Sunnyvale ("Days Inn Sunnyvale"), operated by Defendants. Plaintiff was denied lodging by Defendants because of

their disability.

2.      Plaintiff made a reservation to stay at the Days Inn Sunnyvale on the night of May 9, 2026, through a third-party booking service called Agoda.  Plaintiff had already been denied access to one other hotel that night, so they were desperate to find alternative lodging. In order to make the reservation, Plaintiff had to pre-pay for one night at the Days Inn Sunnyvale.

3.      After making the reservation, Plaintiff drove to the Days Inn Sunnyvale, located at 504 Ross Drive, Sunnyvale, California 94089. Upon arriving at the hotel, Plaintiff called the phone number on the lobby door to request check-in. After about 10 minutes, a man came to open the lobby door for them. Defendants' employee immediately told Plaintiff that pets are not allowed at the Days Inn Sunnyvale. Plaintiff informed Defendants' employee that Lucy is a service dog.  Defendants' employee then told Plaintiff that they needed to provide "paperwork" proving Lucy is a service dog in order to stay at the hotel with her. Plaintiff again told Defendants' employee that Lucy is a service dogs. Defendants' employee stood firm, telling Plaintiff that they would not be allowed to stay at the Days Inn Sunnyvale if they could not provide "paperwork" for their service dog.

4.      The Defendant's decision to require any documentation for service dogs contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.  Similarly, the DOJ's FAQs regarding Services Animals mirror these requirements:

**Q17. Does the ADA require that service animals be certified as service**

2

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**animals**?

A. No. Covered entities may not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal, as a condition for entry.

**There are individuals and organizations that sell service animal certification or registration documents online. These documents do not convey any rights under the ADA and the Department of Justice does not recognize them as proof that the dog is a service animal.**

https://www.ada.gov/resources/service-animals-faqs/

5.      Plaintiff often has the need or desire to stay in motels in the Bay Area. Plaintiff recently moved to the Bay Area and does not have permanent housing. On many nights they sleep in their car.  However, when they have sufficient funds (usually two to three times a week), Plaintiff reserves rooms at inexpensive motels in the area so that they can have some privacy, sleep in a bed, and take a shower. The Days Inn Sunnyvale is particularly convenient for Plaintiff due to the room rate, location, and amenities. Plaintiff intends to return to the Days Inn Sunnyvale in the future but cannot do so until the policies of the hotel are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training.  Plaintiff has brought this lawsuit to force Defendants to change their discriminatory and illegal policies and compensate them for refusing to allow Plaintiff to stay to the Hotel because Plaintiff is a disabled person who needs the assistance of their qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Days Inn Sunnyvale.

6.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

7.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and

3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

that Plaintiff's causes of action arose in this district.

8.      **INTRADISTRICT:**  This case should be assigned to the San Jose intradistrict because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

9.      **PARTIES:**  Plaintiff Jeremy Miller is a "qualified" disabled person who uses the assistance of a service dog to ameliorate their disability.  Plaintiff suffers from Generalized Anxiety Disorder, Attention-Deficit/Hyperactivity Disorder (predominantly inattentive presentation), Post-Traumatic Stress Disorder and Mild Recurrent Depression.  Many of Plaintiff's disabilities stem from childhood trauma which included both abuse and neglect.  They suffer from crying spells, ruminating thoughts, distractibility, difficulty maintaining focus, and low energy levels.  Plaintiff's disability significantly impacts their ability to concentrate, work, and maintain relationships.

10.      Plaintiff relies upon their service dog, a papillon, dachshund, chihuahua mix named "Lucy", to assist them with certain tasks to ameliorate their disability. These include interrupting destructive behaviors such as crying spells, excessive daydreaming/inattention and when Plaintiff is experiencing ruminating thoughts.  Lucy is trained to paw Plaintiff's leg until they cease crying or ruminating and focuses their attention on her.  This brings Plaintiff's attention to the present and allows them to focus on what is happening in the moment rather than ruminating on past events.  Additionally, Lucy is trained to provide deep pressure therapy for Plaintiff on command.  When Plaintiff needs deep pressure therapy, they lies down and motions Lucy to lie down on them by patting an area of their body.  Lucy will then lie on the area patted until Plaintiff releases her.  This allows Plaintiff to focus on breathing, calming himself, and remaining in the present.  All of these tasks Plaintiff has trained Lucy to do with commands. They are not behaviors that Lucy has engaged in naturally or without training.  Lucy was individually trained to be a service dog by Plaintiff, and they have been working together for almost two years.  Additionally, Plaintiff continues to reinforce the training with Lucy daily.  Plaintiff is a qualified person with a disability as defined under federal and state law who is substantially limited in the major life activities of interacting with other people, concentrating and working.  42 U.S.C. §

4

12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

11.     Defendants SHAH ENTERPRISES, INC. dba DAYS INN & SUITES BY WYNDHAM SUNNYVALE; SUNDOWNER INN LLC are and were at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business located at 504 Ross Drive, Sunnyvale, California 94089 known as the Days Inn & Suites by Wyndham Sunnyvale.

12.     The Days Inn Sunnyvale is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

13.     **FACTUAL STATEMENT:** Plaintiff Jeremy Miller has been working with their service dog Lucy for almost two years.  Lucy is a papillon, dachshund, chihuahua mix who was individually trained to be a service dog.  Plaintiff has trained and continues to train Lucy to serve their specific needs throughout their relationship through a series of commands and gestures. Lucy is specifically trained to assist Plaintiff by interrupting destructive behaviors and providing deep pressure therapy.

14.     Plaintiff chose and adopted Lucy specifically in order to train her to be a service dog. They began training Lucy within one week of adopting her.  Plaintiff used online resources including those provided by Psychiatric Service Dog Partners (psychdogpartners.org) and many You-Tube videos such as those produced by YouTube channel DoggyU regarding training of psychiatric service dogs in order to assist them in training Lucy to perform her tasks.  Plaintiff used praise and voice and treat reward training techniques to train Lucy.  For example, Plaintiff trained her to interrupt crying spells by luring her to them with special treats when they were having a crying spell (or pretending to have a crying spell).  When she pawed their leg, Plaintiff would give Lucy the special treat.  Now Lucy performs the task when Plaintiff is having a crying spell without the need for the special treat.

15.     Lucy is a working dog; she is not a pet.  Plaintiff and Lucy have trained extensively together, and they supplement that training daily.  Plaintiff takes Lucy everywhere with them in public.  It is important they stay together as much as possible because (a) Lucy

5

provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond.  With few exceptions, where Plaintiff goes, Lucy goes.

16.     In or around early April 2026, Plaintiff traveled to the San Francisco Bay Area to explore the region as a potential place to relocate and to evaluate opportunities for gig-work in a new market. Plaintiff is housing insecure and frequently stays in hotels when financially able to do so. Because Plaintiff often sleeps in their vehicle, they seek hotel accommodations whenever they can afford them so that they can shower, sleep in a bed, attend to personal hygiene, and otherwise care for themselves.

17.     On May 9, 2026, Plaintiff had made a reservation at a different Hotel and been subjected to discrimination because Plaintiff uses a service dog. When Plaintiff arrived with Lucy, they were denied access because of the presence of their service dog. As a result, Plaintiff was forced to find alternative lodging on short notice.

18.     After being turned away, Plaintiff searched Google Maps for a nearby hotel and located the Days Inn Sunnyvale, which appeared to be approximately five minutes away and offered a room rate Plaintiff could afford. Plaintiff then made a reservation through the third-party travel website Agoda. The reservation required advance payment, so Plaintiff prepaid for the room before driving to the hotel.

19.     Plaintiff then drove their vehicle to the Days Inn Sunnyvale. Upon arrival, Plaintiff observed a sign on the door directing guests to call a telephone number for check-in assistance. Plaintiff called the number while standing outside the entrance with Lucy. After approximately ten minutes, a male employee of Defendants came from inside the building and opened the door to speak with Plaintiff.

20.     As soon as the employee observed Lucy, he informed Plaintiff that dogs were not allowed on the property. Plaintiff immediately explained that Lucy was a service dog. The employee responded that even service dogs were not permitted unless Plaintiff provided paperwork demonstrating that Lucy was a service dog.

21.     Plaintiff asked the employee what type of paperwork he was requesting. The

6

employee stated that he wanted documentation showing that Lucy was a service dog and pointed to signs indicating that pets were not allowed at the hotel.

22.    Plaintiff informed Defendants' employee that they did not possess any paperwork for Lucy and they reiterated the Lucy is a service dog. Plaintiff also pointed out that they had already paid for the room.

23.    Despite Plaintiff's explanation, the employee continued to insist that Plaintiff provide paperwork for Lucy. Ultimately, the employee informed Plaintiff that they could not stay at the Days Inn Sunnyvale with Lucy unless they produced such documentation. The employee further advised Plaintiff that any refund request would have to be pursued through the booking application.

24.    At no point during this interaction did Defendants' employee ask either of the two questions permitted under the ADA to determine whether an animal qualifies as a service animal. Specifically, the employee did not ask whether Lucy was required because of a disability, nor did he ask what work or task Lucy had been trained to perform.

25.    As a direct result of Defendants' unlawful service animal policy, Plaintiff was denied equal access to the hotel and was unable to stay at the property despite having a valid prepaid reservation. Plaintiff then left the hotel. Defendants' policy of unlawfully requiring service dog owners to produce "paperwork" for their service dogs is clearly meant to discourage and deter disabled people who require the assistance of a service dog from staying at its hotel.

26.    Because Plaintiff had already prepaid for the reservation at the Days Inn Sunnyvale, Plaintiff did not have sufficient funds available to obtain another hotel room that night. Plaintiff had forced to contact Agoda who then had to contact the property and request that a refund be issued to Plaintiff. Thus, it took a few days for the Plaintiff to receive a refund. Plaintiff had to sleep in their vehicle that night because they were unable to obtain lodging.

27.    Plaintiff wishes to return to the Days Inn Sunnyvale when they have the need for hotel accommodation in Mountain View, but only *after* Defendants have implemented proper service animal policies and training of its staff.  Plaintiff is deterred from returning to the hotel until these policies and training are in place.

7

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq*.)**

28.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 27, above, and incorporates them herein by reference as if separately repled hereafter.

29.    In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

30.    The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

31.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

32.    The Days Inn Sunnyvale is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(A).

33.    The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

34.     Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

35.     Defendants have a policy and practice of requiring guests with service animals to provide registration cards or other paperwork identifying their dogs as service animals at the Days Inn Sunnyvale. The Defendant's decision to require guests to provide certification or documentation when they are accompanied by service animals contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

> A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence**.**

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.  Similarly, the DOJ's FAQs regarding Services Animals mirror these requirements:

> **Q17. Does the ADA require that service animals be certified as service animals**?
>
> A. No. Covered entities may not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal, as a condition for

9

entry.

**There are individuals and organizations that sell service animal certification or registration documents online. These documents do not convey any rights under the ADA and the Department of Justice does not recognize them as proof that the dog is a service animal.**

https://www.ada.gov/resources/service-animals-faqs/

36.    On information and belief, as of the date of Plaintiff's most recent visits to the Days Inn Sunnyvale on or about May 9, 2026, Defendants continue to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of Plaintiff's disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

37.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

38.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility are one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "hotel, motel or other place of lodging."  42 USC § 12181(7)(A).

39.    The ADA states that "No individual shall be discriminated against on the basis of

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

40.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of their disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

41.    Defendants' actions continue to deny Plaintiff's right to full and equal access by deterring Plaintiff from patronizing the Days Inn Sunnyvale and discriminated and continue to discriminate against them on the basis of their disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

42.　　Under the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of their disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Under section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

43.　　Plaintiff seeks relief under remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing they will be subjected to such discrimination each time that they may use the property and premises, or attempt to patronize the Days Inn Sunnyvale, in light of Defendants' policy barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
BY CIVIL CODE SECTION 51(f)**

44.　　Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporates them herein as if separately re-pleaded.

45.　　At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

12

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

46.    California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

47.    Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

48.    Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

49.    The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory and compensatory to Plaintiff, according to proof.

50.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

51.    Plaintiff suffered damages as above-described as a result of Defendants' violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

52.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 51 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

53.    Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

54.    Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited."  Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

55.    Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

56. Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

57. Defendants are also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

58. The Days Inn Sunnyvale is a public accommodation within the meaning of the CDPA. On information and belief, Defendants are the owners, operators, lessors or lessees of the public accommodation.

59. Defendants made the decision to knowingly and willfully exclude Plaintiff and their service dog from its public accommodation by requiring unnecessary and unidentified paperwork for the service dog and thereby deny Plaintiff's right of entrance into their place of business with their service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being essentially barred from entering this public accommodation and place of business based upon Defendants' illegal requirement for paperwork for Plaintiff's legally protected use of their service dog. Plaintiff has continued to suffer denial of access to these facilities, and they face the prospect of unpleasant and discriminatory treatment should they attempt to return to these facilities. Plaintiff is unable to return to the Days Inn Sunnyvale until they receives the protection of this Court's injunctive relief, and they have continued to suffer discrimination on a daily basis since May 9, 2026, all to their statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

60.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled and who require the assistance of service animals from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against them on the sole basis that Plaintiff is a person with disabilities who requires the assistance of a service animal.

61.    Plaintiff wishes to return to patronize the Days Inn Sunnyvale but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause them further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize the Days Inn Sunnyvale and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

62.    The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendants' inaccessible policies. As to the Defendants that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons and those associated with them, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

63.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiff further requests that

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

64.    **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of their civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to their damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that they were and are disabled and unable, because of the policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the Days Inn Sunnyvale and will continue to cause them damages each day these barriers to access and policy barriers continue to be present.

65.    Although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendants' behavior was intentional. Defendants were aware and/or were made aware of their duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.  Defendants' establishment of their discriminatory policy to deny and restrict entry to persons with service dogs, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights and safety.

66.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

17

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

67.    Plaintiff suffered damages as above described as a result of Defendants' violations. Damages are ongoing based on their deterrence from returning to the Days Inn Sunnyvale.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief they request.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Paul prays for judgment and the following specific relief against Defendants:

1.    An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

a.    From continuing the unlawful acts, conditions, and practices described in this Complaint;

b.    To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that their service dog will not be excluded and they will not be required to show any paperwork or registration cards should they desire to enter and use the services of the Days Inn Sunnyvale;

c.    That the Court issue preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees and/or its agents of the subject

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

d. An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of statutory, actual, general, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

4. An award of prejudgment interest pursuant to Civil Code § 3291;

5. Interest on monetary awards as permitted by law; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: June 17, 2026                                CLEFTON DISABILITY LAW


                                                    _/s/ Aaron M. Clefton_
                                                   By AARON M. CLEFTON, Esq.
                                                   Attorneys for Plaintiff
                                                   JEREMY MILLER

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

19

Date: June 17, 2026                              CLEFTON DISABILITY LAW

                                                 _/s/ Aaron M. Clefton_
                                                 By AARON M. CLEFTON, Esq.
                                                 Attorneys for Plaintiff
                                                 JEREMY MILLER

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES